ZDG, LLC v 310 Group, LLC (2025 NY Slip Op 06678)

ZDG, LLC v 310 Group, LLC

2025 NY Slip Op 06678

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Renwick, P.J., Scarpulla, Kapnick, Mendez, O'Neill Levy, JJ. 

Index No. 656537/16|Appeal No. 5262-5263|Case No. 2024-03654 2024-03655|

[*1]ZDG, LLC, Plaintiff-Appellant,
v
310 Group, LLC, Defendant-Respondent, NY Manhattan 40th St. Lenders, LP., et al., Defendants. 

Sheppard, Mullin, Richter & Hampton LLP, New York (Ira M. Schulman of counsel), for appellant.
Hollander Law Group, PLLC, Brooklyn (Larry B. Hollander of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about May 3, 2024, which, to the extent appealed from, granted the motion of defendant 310 Group, LLC to reargue and, upon reargument, modified the last paragraph of the court's decision after inquest to the extent of directing the Clerk to enter judgment in favor of plaintiff in the amount of $823,684.00, unanimously affirmed, with costs. Appeal from order, same Court (Laurence L. Love, J.), entered on or about May 24, 2023, which, after inquest, directed entry of judgment in favor of plaintiff against defendant 310 Group, LLC in the sum of $1,720, 218.00, unanimously dismissed, without costs, as subsumed in the appeal from the order on reargument.
Although defendant's answer was stricken and it therefore admitted all traversable allegations in the complaint, including the basic allegation of liability, defendant did not admit, and was entitled to contest, plaintiff's calculation of damages (see Curiale v Ardra Ins. Co, 88 NY2d 268, 279 [1996]).
The court's award after conducting the inquest of 55% of the General Conditions Lump Sum and the $150,000 termination fee, which award is entitled to a great amount of deference, was based on a fair interpretation of the evidence (see Wong v Hsia Chao Yu, 160 AD3d 549, 549-550 [1st Dept 2018]). The Construction Management Agreement (CMA) provided at § 14.2 that in the event of a "Termination for Convenience," as occurred here, plaintiff was entitled to all "earned" but unpaid portions of the General Conditions Lump Sum. Plaintiff seeks payment for work it did not perform, and which was therefore not earned. The court's rejection of plaintiff's claim that it incurred additional damages due to delays caused by defendant was based on a fair interpretation of the evidence.
The court also properly rejected plaintiff's claim for costs incurred for the two months of work beyond the "Estimated Project Duration." Plaintiff's calculation based on its average monthly cost for the duration of the project did not represent its "actual" costs as required by § 14.2.2 of the CMA. Further, the court properly denied an additional award of costs incurred to remediate damages caused by a trade contractor that was terminated by defendant, because the CMA provided at §§ 1.3, 1.10, and 2.7(24) that plaintiff was responsible for supervision of all trade contractors.
Reargument was properly granted in that the court's order after inquest double
counted the damages reflected in the mechanic's lien.
We have considered the remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025